# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-1452V
Filed: October 12, 2017
UNPUBLISHED

| | |
|---|---|
| LAUREL POWELL,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on<br>Stipulation; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Curtis Webb*, Twin Falls, ID, for petitioner.
*Mallori Openchowski*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On November 3, 2016, Laurel Powell ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleges that "[t]he trivalent influenza vaccination that she received on October 27, 2015 caused her to develop a Shoulder Injury Related to Vaccine Administration (SIRVA)." Petition at ¶ 2; *see also* Stipulation, filed Oct. 11, 2017, at ¶¶ 1-2, 4. Petitioner adds that she also hit her upper right arm and broke her right wrist after her injured left arm gave out while lifting herself out of the bathtub approximately one month later. Petition at ¶ 14. She seeks compensation related to her SIRVA and subsequent fracture of her right wrist. *Id.* at 5, ¶ 22. Petitioner further alleges that she received the vaccination in the United States, has suffered the residual effects of her injuries for more than six months and her pain appears to be permanent, and has never filed a civil action or received

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compensation for her injuries, alleged as vaccine caused.  *Id.* at ¶¶ 3, 21, 25-26; *see also* Stipulation at ¶¶ 3-5.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 27, 2017, respondent filed his Rule 4(c) report in which he concedes that petitioner is entitled to compensation in this case for her SIRVA of the left shoulder and its related sequelae.  Respondent's Rule 4(c) Report at 1, 6.  A ruling on entitlement was issued, finding petitioner entitled to compensation for her SIRVA.  Ruling on Entitlement, issued Apr. 27, 2017.

On October 11, 2017, the parties filed the attached joint stipulation.  In the stipulation, "[r]espondent agrees that petitioner suffered a SIRVA but denies that the flu vaccine caused any other injury and further denies that her current disabilities are a sequela of a vaccine-related injury."  Stipulation at ¶ 6.  The parties stipulate that petitioner shall receive the following compensation:

> **A lump sum of $<u>87,000.00</u> in the form of a check payable to petitioner**.  Stipulation at ¶ 8.  This amount represents compensation for all items of damages that would be available under § 15(a).  *Id.*

The undersigned approves the requested amount for petitioner's compensation.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| LAUREL POWELL, ) | |
| ) | |
| Petitioner, ) | No. 16-1452V (ECF) |
| ) | Chief Special Master Dorsey |
| v. ) | |
| ) | |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner, Laurel Powell, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received a flu vaccine on or about October 27, 2015.

3. The vaccine was administered within the United States.

4. Petitioner alleges that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a consequence of the flu immunization she received on or about October 27, 2015, and further alleges that she suffered the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

Page 1 of 5

6. Respondent agrees that petitioner suffered a SIRVA but denies that the flu vaccine caused any other injury and further denies that her current disabilities are a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $87,000.00, in the form of a check payable to petitioner, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a prepaid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors, and assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on or about October 27, 2015, as alleged by petitioner in a petition for vaccine compensation filed on or about November 3, 2016, in the United States Court of Federal Claims as petition No. 16-1452V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in

conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

*Laurel Powell*
LAUREL POWELL

| | |
|---|---|
| **ATTORNEY OF RECORD FOR PETITIONER:** | **AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:** |
| *Curtis Webb* | *Catharine E. Reeves* |
| CURTIS R. WEBB | CATHARINE E. REEVES |
| 752 Addison Avenue | Deputy Director |
| P.O. Box 1758 | Civil Division |
| Twin Falls, Idaho 83303-1768 | U. S. Department of Justice |
| (208) 734-5769 | P. O. Box 146 |
| | Benjamin Franklin Station |
| | Washington, D.C. 20044-0146 |
| **AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:** | **ATTORNEY OF RECORD FOR RESPONDENT:** |
| *signature* for | *Mallori Openchowski* |
| NARAYAN NAIR, M.D. | MALLORI B. OPENCHOWSKI |
| Director, Division of | Trial Attorney |
| Injury Compensation Programs (DICP) | Torts Branch, Civil Division |
| Healthcare Systems Bureau | U.S. Department of Justice |
| U.S. Department of Health | P.O. Box 146 |
| and Human Services | Benjamin Franklin Station |
| 5600 Fishers Lane | Washington, D.C. 20044-0146 |
| Parklawn Building, Stop-08N146B | Tel: (202) 305-0660 |
| Rockville, MD 20857 | |

Dated: 10/11/2017